IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**BERT M. GLASER, et al.,**  *

   **Plaintiffs**  *

   v.  *        **CIVIL NO. JKB-12-2299**

**JONATHAN N. STREIN, et al.,**  *

   **Defendants**  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

The Court now considers two related motions filed by the parties: (1) Defendants' motion to amend scheduling order or, in the alternative, motion to exclude the testimony of witness Nedia Hall (ECF No. 57); and (2) Plaintiffs' motion for leave to file the Plaintiffs' second amended complaint (ECF No. 59). Upon consideration of the Defendants' motion to amend scheduling order or, in the alternative, motion to exclude the testimony of witness Nedia Hall, Plaintiffs' response in opposition (ECF No. 62), and Defendants' reply thereto (ECF No. 63), as well as Plaintiffs' motion for leave to file the Plaintiffs' second amended complaint and Defendants' response in opposition (ECF No. 64), the Court finds as follows.

The instant case arises out of a car-motorcycle collision occurring on or about July 16, 2009, on northbound I-83 in Baltimore, Maryland. (First Am. Compl. ¶ 8, ECF No. 15.) On August 6, 2013, Plaintiffs discovered the identity of a previously unidentified truck driver, Nedia Hall, who was an eyewitness to the accident at issue. (Pls.' Response, Ex. C, Dep. Nedia Hall 80:22—82:19, Oct. 14, 2013, ECF No. 58-1.) Immediately, on August 6, 2013, Plaintiffs disclosed to opposing counsel the identity of Nedia Hall and on October 14, 2013, Ms. Hall was

deposed by both parties. (Defs.' Reply, Ex A, Correspondence 2-4, ECF No. 63-1.) Ms. Hall's testimony regarding the accident differs significantly from the allegations alleged in Plaintiffs' first amended complaint. Plaintiffs now ask the Court for leave to file a second amended complaint in light of the newly discovered evidence; for the same reason, Defendants ask the Court to amend the scheduling order or, in the alternative, exclude Ms. Hall's deposition testimony from the record and preclude her from testifying at trial.

A motion for leave to amend pleadings filed beyond the deadline set forth in the scheduling order will only be granted if it satisfies both the "good cause" standard of Rule 16(b)(4) and the standard of Rule 15(a)(2) for allowing amendment of pleadings. Fed. R. Civ. P. 16(b)(4); 15(a)(2). *See Moses v. Cowan Distrib. Servs., Inc.*, Civ. No. JKB-10-1809, 2012 WL 527657, at *2 (D. Md. Feb. 16, 2012). *See also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298-99 (4th Cir. 2008) (noting tension between Rule 15 and Rule 16; not reaching district court's Rule 15(a) finding of futility because it affirmed district court's Rule 16(b) application of "good cause" standard); *Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003) ("once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a)").

The analysis under Rule 16(b) is less focused on the substance of the proposed amendment and more concerned with the timeliness of the motion to amend "and the reasons for its tardy submission." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373-74 (D. Md. 2002). A court's scheduling order "'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril,'" *Potomac Electric Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md. 1999) (quoting *Gestetner v. Case Equipment Co.*, 108 F.R.D.

138, 141 (D. Me. 1985)). "'Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts.' . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Potomac Elec.*, 190 F.R.D. at 375 (citations omitted).

Here, Plaintiffs' motion was filed after the June 20, 2013, discovery deadline set forth in the Court's modified scheduling order (ECF No. 39). As a result, Plaintiffs must satisfy the good cause standard of Rule 16(b)(4) in addition to the Rule 15(a)(2) standard for allowing amendment of pleadings. The Court finds that Plaintiffs have demonstrated good cause as well as satisfied the standard of Rule 15(a)(2).

On August 6, 2013, Plaintiffs discovered the identity of a previously unidentified truck driver known to be an eyewitness to the accident at issue in this case. The Court finds this evidence to be highly relevant, as witness Nedia Hall is the only identified non-party witness to the accident. The Court also finds no evidence of bad faith or inexcusable negligence on the part of Plaintiffs regarding the delay in discovering the identity of Nedia Hall. Ms. Hall was not listed as a witness to the accident in the State of Maryland Motor Vehicle Accident Report and Plaintiffs located her by searching the phone records of Bert Glaser's son, Harris Glaser. (Pls.' Response, Ex. D, State of Maryland Motor Vehicle Accident Report, ECF No. 58-1; *id.* Ex. C, Dep. Nedia Hall 80:19—82:19.) Further, Plaintiffs promptly notified opposing counsel upon locating Nedia Hall and both parties have since deposed Ms. Hall. Accordingly, Plaintiffs' motion for leave to file the second amended complaint shall be granted and the Court shall also amend the scheduling order.

Finally, the Court finds Defendants' request to exclude the deposition testimony of Nedia Hall from the record in this case and to preclude Nedia Hall from testifying at trial to be

premature and without legal support.  Accordingly, the Court shall not make such an evidentiary ruling at this time.

A separate order will reflect the rulings in this memorandum.

DATED this  2nd  day of December, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge